CAMERON, APPELLANT, *v.* JUDITH MERCANTILE & CATTLE CO., RESPONDENT.

(No. 4,469.)

(Submitted September 21, 1921. Decided October 17, 1921.)

[201 Pac. 575.]

*Personal Injuries—Master and Servant—Assumption of Risk —Safe Place to Work—Nonsuit.*

Personal Injuries — Master and Servant — Assumption of Risk — Defense Lies, When.

1. The defense of assumption of risk is available to an employer, where, though plaintiff's injury resulted from a hazard brought about by the failure of defendant to discharge his primary duty to provide

---

1. On assumption of obvious risks of hazardous employment, see note in 1 L. R. A. (n. s.) 272.

On servant's knowledge as element of defense of contributory negligence in entering or remaining in employment, see note in 49 L. R. A. 33.

The question, May servant assume risk of dangers created by the master's negligence? is discussed in notes in 4 L. R. A. (n. s.) 848; 28 L. R. A. (n. s.) 1215, 1250.

[61 Mont. 118.]

a reasonably safe place in which or reasonably safe appliances with which to work, plaintiff was aware of the thus increased hazard, or the hazard was so obvious that an ordinarily prudent man placed in the same circumstances would have known and appreciated it, but continued in the employment without complaint or protest.

Same—To Farm Laborer—Unguarded Circular Saw—Safe Place to Work—Assumption of Risk—When Nonsuit Proper.

2. *Held*, under the above rule, that where plaintiff, a farm-hand aged twenty-six years, who had been directed by the foreman to assist his coemployees in cutting stovewood with a circular saw which was located in the open the same as it had been during the three years of his employment and was unprovided with a guard, and with the operation of which he was thoroughly familiar, voluntarily assumed to act as sawyer and in its operation slipped on icy ground covered with newly fallen snow and was injured by coming in contact with the revolving saw, he assumed the risk and judgment of nonsuit was proper.

*Appeal from District Court, Fergus County; Jack Briscoe, Judge.*

ACTION by E. J. Cameron against the Judith Mercantile & Cattle Company, a corporation. Judgment of nonsuit and plaintiff appeals. Affirmed.

*Messrs. Cheadle & Cheadle,* for Appellant, submitted a brief; *Mr. E. K. Cheadle* argued the cause orally.

*Messrs. Belden & De Kalb* and *Mr. Merle C. Groene,* for Respondent, submitted a brief; *Mr. O. W. Belden* argued the cause orally.

Citing: *Kean* v. *Detroit C. & B. Rolling Mills,* 66 Mich. 277, 11 Am. St. Rep. 492, 33 N. W. 395; 18 R. C. L., p. 685; *Peterson* v. *American Ice Co.,* 83 N. J. L. 579; 47 L. R. A. (n. s.) 144, 83 Atl. 872; *Cummings* v. *Reins Copper Co.,* 40 Mont. 599, 107 Pac. 904; *Anderson* v. *Northern Pac. Ry. Co.,* 34 Mont. 181, 85 Pac. 884; *Molt* v. *Northern Pac. Ry. Co.,* 44 Mont. 471, 120 Pac. 809; *Barry* v. *Badger,* 54 Mont. 224-229, 169 Pac. 34; *Rogers* v. *Roe & Conover,* 74 N. J. L. 615,

2. Liability of master for injuries to servant by saw operated by machinery, see note in Ann. Cas. 1913C, 125.

13 L. R. A. (n. s.) 691, 66 Atl. 408; *Arizona Lumber etc. Co.*
v. *Mooney,* 4 Ariz. 366, 42 Pac. 952.

MR. CHIEF JUSTICE BRANTLY delivered the opinion
of the court.

Plaintiff brought this action to recover damages for an
injury to his right forearm through the alleged negligence
of the defendant. At the trial the court sustained defend-
ant's motion for nonsuit. Judgment was entered accordingly.
Plaintiff has appealed.

On December 12, 1917, plaintiff and four or five others,
employees of the defendant, were by direction of John Hughes,
defendant's manager and foreman, engaged in sawing its
yearly supply of stovewood. They were using a circular saw,
mounted on a frame and propelled by a gasoline engine. The
foreman was not present at the time, and had given these
employees general directions to saw up a pile of wood
which had been hauled in, consisting of sticks of different
sizes and lengths, varying from five to fourteen inches in
diameter and from five to twenty feet in length. In giving
his directions, the foreman did not assign to each of the em-
ployees his particular part of the work. When work began,
the plaintiff chose to perform the duty of sawyer. The sticks
were passed from left to right by the others, who placed them
upon a swinging table or carrier attached to the saw frame,
and assisted the plaintiff to pass them along the carrier and
to hold them in place while he moved them against the saw.
The sticks were cut into fourteen inch blocks, one of the
other employees carrying them away as they were cut off.
The saw was about thirty inches in diameter. Some of the
sticks were so large that it would not cut them entirely
through, and it was necessary to turn them over and saw
them on the other side. The saw and engine stood in the
yard, and were not under shelter of any kind to protect

them from snow or rain. Some time before the day of the accident snow had fallen; it had partly melted and again frozen. During the previous night other snow had fallen so that the ground where it was necessary for plaintiff to stand while operating the saw, was covered with snow, partly that which was frozen and partly that which had fallen on the previous night. While he and his associates were engaged in placing a large stick—about fourteen inches in diameter—on the saw frame and moving it to the right far enough to allow the proper length to be cut, the plaintiff's feet slipped, and, in an effort to save himself from falling, he struck his right forearm against the saw, which cut and lacerated the muscles and tendons near the wrist. The saw frame was not fitted with any guard or safety appliance to prevent the sawyer from accidentally coming in contact with the saw.

The complaint alleges that the defendant was negligent in not having the saw frame equipped with a guard or other safety appliance, in not providing a shelter to protect it and the, ground from snow and ice, and in requiring plaintiff to cut sticks of the length and size of those he was required to cut, in that the saw was designed only for the cutting of cordwood, and in that, though it knew, or in the exercise of ordinary care and diligence should have known, of all these conditions, the plaintiff did not know and had no means of knowing the danger to which he was exposed.

One of the grounds for nonsuit was that the evidence introduced by the plaintiff disclosed, as a matter of law, that he assumed the risk of the danger incident to the work in hand. Whether he did or not is the only question submitted for decision.

The rule is well established in this jurisdiction that the defense of assumption of risk may be interposed by the employer as a bar to an action for a personal injury to, or the death of, an employee caused by a hazard which is in-

cident to the particular employment. It presupposes primarily that the employer has discharged his full duty to exercise ordinary diligence to provide a reasonably safe place for the work, reasonably safe and suitable appliances, and a sufficient number of reasonably competent fellow-employees to enable him to perform his work with reasonable safety. The rule is also well established that the defense is available when the injury has resulted from a hazard brought about by the failure of the employer to discharge his primary duty in any of the particulars referred to above, provided the employee is aware of the increased hazard, or it is so obvious that an ordinarily prudent person, placed in the same circumstances, should have known and appreciated it and yet continues in the employment without complaining or protesting. (*Sorenson* v. *Northern Pac. Ry. Co.,* 53 Mont. 268, 163 Pac. 560, and cases cited.) For a somewhat extended discussion of all the phases of this subject, reference is made to the case of *Choctaw etc. R. Co.* v. *Jones,* 77 Ark. 367, 7 Ann. Cas. 430, 4 L. R. A. (n. s.) 837, 92 S. W. 244, and notes to this case in 7 Ann. Cas. 430.

The plaintiff was the only witness who testified to the cir-
[2] cumstances surrounding the accident. He was then about twenty-six years of age and had been employed in doing farm work for about thirteen years. For the three years preceding the accident he had been in the employment of the defendant, and was familiar with the different kinds of work persons so employed are required to do. It was customary for those employed on farms in this community to saw the yearly supply of wood during the winter. The saw and engine were in the yard near the farmhouse and had been there in the same position throughout the three years of plaintiff's employment where everyone could see them. Theretofore plaintiff had assisted in using them to saw wood. On these occasions he had not acted in the capacity of

sawyer, but had assisted in bringing up the wood and placing it on the carrier, the other employees alternately acting as sawyers. He was familiar with the machinery, however, and understood its operation. He was not directed by the manager to act as sawyer, but voluntarily chose to act in that capacity. The pile of wood was lying near by. Whether he took part in cutting and hauling it, the evidence does not show. He began work knowing what was required of him. He knew that the saw was not guarded. He knew of the depth of the snow and the condition of the ground where he was obliged to stand. He had observed two other machines which were in use on neighboring farms which were equipped with guards, and knew the purpose of this equipment. There is no suggestion in his testimony that he did not understand and fully appreciate the dangers incident to the work.

The undisputed evidence does not furnish the basis for any other conclusion than that the plaintiff assumed the risk. Independent of a statutory requirement, it is not negligence *per se* for an employer to leave his machinery uncovered or otherwise unguarded. Whether this constitutes negligence depends upon the circumstances of each particular case, the nature of the work, the degree of exposure, and the knowledge which it appears the employee had of the existing conditions. (26 Cyc. 1133, 1134.) Being a mature man and having had ample opportunity to observe, the plaintiff knew that the danger was greater than it would have been if the machine had been provided with a guard. He knew that snow and ice were on the ground, and, having lived in Montana where there is much snowfall, he is presumed to have known that his footing was rendered less secure by it. The pile of wood was in plain view when he went to work, and if, in fact, the machine was not adapted to the sawing of sticks of the size he was required to saw, he had ample opportunity

to know what additional risk there was in sawing it. Under these circumstances, with full knowledge of the increased hazard, he voluntarily entered upon the work, assuming the most hazardous part of the employment, and thus the increased risk.

The judgment is affirmed.

*Affirmed.*

Associate Justices Reynolds, Cooper and Holloway concur.